**JS 44** (Rev. 3/99)         **CIVIL COVER SHEET**            B 01-070

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Juan M. Garcia

**DEFENDANTS**
Matt's Cash & Carry Building Materials, Inc.

**(b)** County of Residence of First Listed Plaintiff ___Cameron___
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed ___Cameron___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Carlos E. Hernandez, Jr.
The Garcia Law Firm, P.C.
201 North First Street, Harlingen, Texas 78550
(956) 412-7055

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☒ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

29 U.S.C. § 2615(a)(1), et seq., FMLA violations

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint: JURY DEMAND: ✓ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE           DOCKET NUMBER

DATE: May 1, 2001           SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN M. GARCIA, | § | |
| Plaintiff | § | CIVIL ACTION NO. |
| vs. | § | B 01-070 |
| | § | |
| MATT'S CASH & CARRY BUILDING | § | |
| MATERIALS, INC., | § | (JURY REQUESTED) |
| Defendant | § | |

United States District Court
Southern District of Texas
FILED
MAY 0 3 2001
Michael N. Milby
Clerk of Court

# PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JUAN M. GARCIA (hereinafter sometimes referred to as Plaintiff), complaining of MATT'S CASH & CARRY BUILDING MATERIALS, INC. (hereinafter referred to as Matt's Cash & Carry or as Defendant), and for such cause of action, would respectfully show unto the Court and the Jury as follows:

I.

## PARTIES

1.1   Plaintiff, Juan M. Garcia, is an individual residing in Cameron County, Texas.

1.2   Defendant, Matt's Cash & Carry Building Materials, Inc., is a corporation duly licensed to conduct business in the State of Texas. Service may be had by service on its registered agent, Ira Matt, 411 East Polk, P.O. Box 868, Pharr, Texas 78577 or wherever he may be found.

II.

## VENUE AND JURISDICTION

2.1     Venue is proper in Cameron County, Texas because the Defendant maintains a place of business where Plaintiff was employed in Cameron County, and the Plaintiff is a resident of Cameron County.  This Court has subject matter jurisdiction over Plaintiff's claims, pursuant to 28 U.S.C. §1331 because he has asserted violations of the Family and Medical Leave Act.  The Court also has supplemental jurisdiction over his claim under Texas Common Law for intentional infliction of emotional distress.

III.

## FACTUAL BACKGROUND

3.1     Plaintiff Juan M. Garcia accepted employment with Defendant Matts Cash & Carry on or about April 19, 1991.  During his almost nine years of employment with Defendant, Plaintiff performed all of the duties assigned to him with loyalty, dedication and hard work.

3.2     Plaintiff Juan M. Garcia served his employer with dedication and hard work throughout his years with Defendant.  However, in January of 2000, Plaintiff's infant daughter, Katelyn, was admitted to Santa Rosa Children's Hospital in San Antonio, Texas.  On or about January 22, 2000, Plaintiff learned that his daughter was diagnosed with leukemia by Dr. Paul J. Thomas.

3.3     On or about February 12, 2000, Plaintiff informed his employer that his daughter was suffering from a "serious medical condition" and he invoked the protection of the Family Medical Leave Act.

3.4     Due to the severity of his daughter's illness, Plaintiff needed to go to San Antonio, Texas to attend several chemotherapy sessions with his infant daughter.

3.5     Plaintiff would show unto the Court that Defendant Matt's Cash & Carry is an employer that has more than fifty employees and that he has met all statutory requirements under the Family Medical Leave Act.

3.6     During the month of February of 2000, Plaintiff's infant daughter underwent a bone marrow transplant and continued with her chemotherapy. On February 29, 2000, a spinal tap was performed on Plaintiff's infant daughter.

3.7     On or about March 3, 2000, Defendant Matt's Cash & Carry wrongfully discharged Plaintiff. Plaintiff asserts that the true reason for his termination was because he requested leave guaranteed by the Family Medical Leave Act in order to cope with his daughter's serious illness.

3.8     Plaintiff alleges that there was no legitimate business justification for his termination and that he had always performed a satisfactory job for the Defendant and there was work available that the Plaintiff could perform if given appropriate leave.

IV.

## CAUSES OF ACTION

A.     **Family and Medical Leave Act**

4.1     The Family and Medical Leave Act states that "it shall be unlawful for any employer to interfere with, restrain or deny the exercise of, or the attempt to exercise, any right provided under the subchapter." 29 U.S.C. §2615(a)(1).

4.2     Defendant Matt's Cash & Carry committed numerous acts made illegal by this provision, ultimately leading to the termination of Plaintiff's employment with Defendant.

4.3     Defendant Matt's Cash & Carry violated the Family and Medical Leave Act's prohibition against interference with rights afforded by the statute. At the time of his termination and before, Plaintiff had a family member with a "serious health condition" as that term is defined under the FMLA. After his termination, Plaintiff was told by his supervisor, Jack Moran, of Defendant Matt's Cash & Carry that there was not a position available for Plaintiff if he was going to be taking his daughter to chemotherapy.

4.4     Plaintiff, under the statute, had twelve weeks of protected FMLA leave that he was entitled to have taken during this time of crisis in his life.

4.5     Defendant Matt's Cash & Carry's violation of the FMLA was done with malice or with reckless disregard for the statutorily protected rights of Plaintiff. Defendant Matt's Cash & Carry was aware of its statutory obligations and Plaintiff's rights under the statute.

4.6     In any event, the FMLA provides strict liability for violations of 29 U.S.C. §2615(a)(1). *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 927 (5th Cir. 1999). Section 2615(a)(1) of the FMLA is a strict liability provision, as to which employer's intent simply does not matter. *Nero*, 167 F.3d at 927.

4.7     The FMLA makes it unlawful "for any employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under [the FMLA]. 29 U.S.C. §2615(a)(1). The Department of Labor's regulations established that there is a particularly low threshold for determining what employer conduct might constitute interference. Interfering with the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA, but discouraging an employee from using such leave. 29 C.F.R. §825.220(b).

4.8     Plaintiff's infant daughter, Katelyn Garcia, sustained a "serious health condition," under the FMLA, 29 U.S.C. §2611(11), which includes "illness, injury, impairment, or physical or mental condition that involves . . . continuing treatment by a healthcare provider."

4.9     The FMLA statutory benefit is a mandatory benefit. 29 U.S.C. §2612(a)(1). The leave itself is an entitlement. There is no statutory requirement that the employee request it, unless it is for a plan treatment for a serious health condition and the leave is foreseeable. 29 U.S.C. §2612(e)(2); 29 C.F.R. §825.303.

**B.     Intentional Infliction of Emotional Distress**

4.10    Plaintiff further asserts that the Defendant's actions in the nature of extreme and outrageous conduct were intentional and were made recklessly with a purpose to cause infliction of severe emotional distress to the Plaintiff. These actions and statements were extreme and outrageous and shock the conscience of reasonable and prudent persons. Defendant Matt's Cash & Carry's actions caused Plaintiff severe mental anguish as well as physical pain. As a result of Defendant's actions, Plaintiff has suffered damages in an amount which exceeds the minimum jurisdictional requirements of the Court.

## V.

## ACTUAL DAMAGES

5.1     As a result of the incidents made the basis of this lawsuit, Plaintiff has incurred damages in the following respects.

**C.     Lost Earnings and Special Damages**

5.2     At the time of the incident complained of, Plaintiff was gainfully employed. As a proximate result of the wrongful acts of Defendant Matt's Cash & Carry, Plaintiff was

unable to attend to his occupation and thereby suffered a loss of income for which he hereby sues. As a result of the wrongful acts of the Defendant, Plaintiff's earnings, retirement and capacity to earn a livelihood were severely impaired. In all reasonable probability, Plaintiff's loss of earnings and loss of earning capacity will continue long into the future, if not for the balance of Plaintiff's natural life. Plaintiff therefore sues for any lost earnings, in the form of back pay, lost wages, front pay, retirement benefits, health coverage, fringe benefits, lost future earnings and/or diminished earning capacity, to the extent permitted by law, due to the acts complained of above.

**B.    Past and Future Mental Anguish**

5.3    As a result of the incidents described above, that is made the basis of this suit, Plaintiff has suffered physical as well as severe mental pain and anguish. Plaintiff has suffered feelings of anxiety, worthlessness, embarrassment, humiliation, helplessness and inferiority. Plaintiff has further suffered ill effects, including, but not limited to depression, sleeplessness and loss of self esteem due to his termination. In all reasonable probability, Plaintiff will continue to suffer such severe mental and physical pain and anguish for a long time into the future, if not for the balance of his natural life.

**C.    FMLA Damages**

5.4    In an interference with FMLA rights and cases arising under 29 U.S.C. §2615, the statutory authority for actual and liquidated damages is established by 29 U.S.C. §2617(a)(1).

## VI.

## **EXEMPLARY DAMAGES**

6.1 The conduct of Defendant Matt's Cash & Carry, as set out above, was carried out with and constituted such an entire want of care as to be regarded as conscious indifference to the rights or welfare of the Plaintiff. Because of spite, ill-will and malicious and fraudulent intent held by Defendant's management towards the Plaintiff and his infant daughter, such management, acting in a willful and intentional manner, committed certain acts calculated to cause injury and/or damage to Plaintiff. Accordingly, Defendant acted with malice, actual malice and/or a specific intent to injure the Plaintiff. Plaintiff is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by the Defendant and its management in the future. Accordingly, Plaintiff requests that punitive damages be awarded against Defendant as a result of its egregious violations of the law.

## VII.

## **DEMAND FOR JURY TRIAL**

7.1 Plaintiff, by and through his attorney of record, and pursuant to the Federal Rules of Civil Procedure, makes and submits this Demand for Trial by Jury in the above styled and numbered cause. Plaintiff requests that this case be set on the jury docket of the Court for disposition in due order and as soon as practicable.

## VIII.

## ATTORNEYS' FEES, EXPERT FEES AND LITIGATION EXPENSES

8.1 By reason of the allegations in this petition, Plaintiff is entitled to recover reasonable attorney's fees and expert fees in a sum that is reasonable and necessary. In this connection, Plaintiff will show that the attorney whose name is subscribed to this pleading has been employed to assist Plaintiff in the prosecution of this action. A reasonable attorney's fee is requested for the work expended in preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. Should experts be retained in the prosecution of this lawsuit, Plaintiff further seeks compensation for the work expended by said experts. Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of paralegals, legal assistants and/or law clerks who assist in the prosecution of this case. As permitted by law, Plaintiff also seeks to recoup all litigation expenses expended by him and his legal team in the prosecution of this lawsuit as well as all costs of Court.

WHEREFORE, Plaintiff, JUAN M. GARCIA, prays that this Honorable Court grant the following:

    a.    Judgment against Defendant Matt's Cash & Carry Building Materials, Inc., for Plaintiff's actual damages;

    b.    Liquidated damages;

    c.    Punitive damages;

    d.    Attorney and litigation fees;

    e.    Prejudgment interest as allowed by law;

f.    Interest on said judgment at the legal rate from the date of judgment;

g.    For costs of suit herein; and

h.    For such other and further relief at law or in equity to which Plaintiff may show himself justly entitled to receive.

Signed May 2, 2001.

                Respectfully submitted,

                THE GARCIA LAW FIRM, P.C.
                201 North First Street
                Harlingen, Texas 78550
                Telephone (956) 412-7055
                Facsimile (956) 412-7105

By: _____
                Carlos E. Hernandez, Jr.
                State Bar No. 00787681
                Federal Bar No. 17022

                Attorney-in-Charge for
                Plaintiff Juan M. Garcia

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

SOUTHERN     District of     TEXAS

Juan M. Garcia
V.
Matt's Cash & Carry
Building Materials, Inc.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: B 01-070

TO: (Name and address of Defendant)

Matt's Cash & Carry Building Materials, Inc.
by and through its registered agent for service:
Ira Matt, 411 East Polk, P.O. Box 868
Pharr, Texas 78577

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Carlos E. Hernandez, Jr.
The Garcia Law Firm, P.C.
201 North First Street
Harlingen, Texas 78550
Telephone: (956) 412-7055
Facsimile: (956) 412-7105

an answer to the complaint which is herewith served upon you, _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk

May 3, 2001
DATE

CLERK

(By) DEPUTY CLERK