7

United States District Court
Southern District of Texas
FILED

AUG 3 1 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN M. GARCIA,<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. B-01-070 |
| MATT'S CASH & CARRY BUILDING<br>MATERIALS, INC.<br>Defendant | §<br>§<br>§ | JURY TRIAL DEMANDED |

## PLAINTIFF'S AND DEFENDANT'S JOINT DISCOVERY/CASE MANAGEMENT PLAN

JUAN M. GARCIA, Plaintiff, and MATT'S CASH & CARRY BUILDING MATERIALS, INC., Defendant, file their Joint Discovery/Case Management Plan, as required by the Cost and Delay Reduction Plan in the Civil Justice Reform Act of 1990 adopted by the Court on October 24, 1991.

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identifies the counsel who attended for each party.

   The meeting was held via telephone by Carlos Hernandez and Raymond A. Cowley on August 22, 2001.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

   There are none.

3. Briefly describe what this case is about.

   The Plaintiff has brought suit alleging violation by the Defendant of the Family & Medical Leave Act (FMLA), and also has alleged a common law claim of intentional infliction of emotional distress. The Defendant denies the allegations.

4. Specify the allegation of federal jurisdiction.

   A federal question is presented by virtue of the claim brought under the FMLA.

5. Name the parties who disagree and the reasons.

   There is no disagreement that this Court has jurisdiction over the parties and the claims.

6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    There are none presently known.

7.  List anticipated interventions.

    There are none presently known.

8.  Describe class-action issues.

    None.

9.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    The parties will serve initial disclosures within 10 days of the initial pre-trial conference.

10. Describe the proposed agreed discovery plan, including:

    A.  Responses to all the matters raised in Rule 26(f).

        (a) Rule 26(f) - See response to Number 9.

        (b) Rule 26(f)(2) - Plaintiff and Defendant will conduct discovery based upon claims made and defenses asserted in this lawsuit. The parties anticipate discovery will be completed within 180 days.

        (c) Rule 26(f)(3) - No changes needed at this time, subject to arrangements of the parties.

        (d) Rule 26(f)(4) - None known at this time.

    B.  When and to whom the plaintiff anticipates it may send interrogatories.

        The Plaintiff will send interrogatories within 30 days of the initial conference.

    C.  When and to whom the defendants anticipate they may send interrogatories.

        The Defendant will send interrogatories within 30 days of the initial conference.

    D.  Of whom and by when the plaintiff anticipates taking oral depositions.

        The Plaintiff anticipates taking the depositions of the representatives for Defendant and perhaps others. These are anticipated to be taken within 90 days.

E.     Of whom and by when the defendant anticipates taking oral depositions.

The Defendant anticipates taking the deposition of the Plaintiff, of any fact witnesses, and Plaintiff's designated expert. It is anticipated that these will be taken within 90 to 120 days.

F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

The Plaintiff will identify experts and provide their reports at least 45 days prior to the discovery deadline. The Defendant will identify experts and provide their reports at least 30 days prior to the discovery deadline.

G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

The Plaintiff will take depositions of designated experts by the discovery deadline.

H.     List expert depositions the opposing party anticipates taking their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

The Defendant will take depositions of designated experts by the discovery deadline.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

The parties are not in disagreement.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

There has been none.

13. State the date the planned discovery can reasonably be completed.

March 15, 2002.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

The Plaintiff will make a settlement demand within thirty (30) days of receipt of Defendant's answers and responses to Plaintiff's First Set of Interrogatories and Requests for Production. The parties will consider mediation.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    The Plaintiff will make a settlement demand within thirty (30) days of receipt of Defendant's answers and responses to Plaintiff's First Set of Interrogatories and Requests for Production.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

    Mediation, following initial discovery, will be considered.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties are not agreeable to proceeding before the magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

    A jury was timely demanded.

19. Specify the number of hours it will take to present the evidence in this case.

    The parties estimate a trial taking 24 to 32 hours.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    There are none.

21. List other motions pending.

    There are none.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    There are none.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing original and any amendments.

   There were filed by the parties.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

   Plaintiff is represented by:

   Mr. Carlos Hernandez, Jr.
   State Bar No. 00787681
   Federal Id. No. 17022
   The Garcia Law Firm, P.C.
   201 North First Street
   Harlingen, Texas 78550
   Telephone: (956) 412-7055
   Telefax: (956) 412-7105

   Defendants are represented by:

   Raymond A. Cowley
   State Bar No. 04932400
   Federal I.D. No. 8642
   Rodriguez, Colvin & Chaney LLP
   4900 North Tenth Street, Bldg. A2
   McAllen, Texas 78504
   Telephone: (956) 686-1287
   Telefax: (956) 686-6197

                                    Respectfully submitted,

                                    _____
                                    Carlos Hernandez, Jr.
                                    State Bar No. 00787681
                                    Federal Id. No. 17022
                                    201 North First Street
                                    Harlingen, Texas 78550
                                    Telephone: (956) 412-7055
                                    Telefax: (956) 412-7105

                                    ATTORNEY FOR PLAINTIFF

OF COUNSEL:

**THE GARCIA LAW FIRM, P.C.**

*Raymond A. Cowley* ✱ by permission
CEH

Raymond A. Cowley
State Bar I.D. No. 04932400
Federal I.D. No. 8642
4900 A-2 N. 10th St.
McAllen, Texas 78504
Telephone: (956) 686-1287
Telefax : (956) 686-6197

ATTORNEY FOR DEFENDANT

OF COUNSEL:

**RODRIGUEZ, COLVIN & CHANEY LLP**

## CERTIFICATE OF SERVICE

I, Raymond A. Cowley, hereby certify that a true and correct copy of the foregoing document has been forwarded by certified mail, return receipt requested, to the following counsel of record, on the 31st day of Aug, 2001.

Mr. Carlos Hernandez, Jr.
The Garcia Law Firm, P.C.
201 North First Street
Harlingen, Texas 78550

*Raymond A. Cowley* ✱ by permission
CEH

Raymond A. Cowley