/1

United States District Court
Southern District of Texas
FILED

DEC 1 0 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN M. GARCIA, <br> Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. B-01-070 |
| MATT'S CASH & CARRY BUILDING MATERIALS, INC. <br> Defendant | § § § § | (JURY REQUESTED) |

## DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER

MATT'S CASH & CARRY BUILDING MATERIALS, INC., the Defendant, answers the First Amended Original Complaint, "the Complaint," filed by Juan M. Garcia, the Plaintiff, as follows:

1. The Defendant, on information and belief, admits to the allegations set forth in paragraphs 1.1 and 1.3 of the Complaint.

2. The Defendant, insofar as a responsive pleading is permitted or required, admits to the allegations set forth in paragraph 1.2 of the Complaint.

3. The Defendant admits to the allegations set forth in paragraph 2.1 of the Complaint, only insofar as this Court has jurisdiction over the parties and the claims, and further that venue is proper in this Court, and otherwise denies the allegations set forth therein.

4. The Defendant admits to the allegations set forth in paragraph 3.1 of the Complaint, only insofar as the Plaintiff was hired on or about April 19, 1991, and otherwise denies the allegations set forth therein.

5. The Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 3.2 of the Complaint, with respect to the timing of

the illness of the Plaintiff's daughter, the diagnosis received with respect to the Plaintiff's daughter and the timing therefor, and the hospital to which the Plaintiff's daughter was admitted, and therefore denies such allegations; and otherwise denies the allegations set forth therein.

6. The Defendant denies the allegations set forth in paragraph 3.3 of the Complaint, insofar as it is alleged that the Plaintiff informed the Defendant that his daughter was suffering specifically from a "serious medical condition," and otherwise denies the allegations set forth therein.

7. The Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 3.4 of the Complaint, and such allegations therefore are denied.

8. The Defendant admits to the allegations set forth in paragraph 3.5 of the Complaint, only insofar as the Defendant, for purposes of the Family and Medical Leave Act (FMLA), has more than 50 employees, and otherwise denies the allegations set forth therein.

9. The Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 3.6 of the Complaint, and such allegations therefore are denied.

10. The Defendant denies the allegations set forth in paragraph 3.7 of the Complaint, and, with respect to paragraph 3.8 of the Complaint, denies that the Plaintiff's employment was terminated, and otherwise denies the allegations set forth in paragraph 3.8.

11. The Defendant admits to the allegations set forth in paragraph 4.1 of the Complaint, only insofar as the language quoted by the Plaintiff is found within the

FMLA, but the Defendant denies any violation thereof and otherwise denies the allegations set forth therein.

12.  The Defendant denies the allegations set forth in paragraph 4.2 of the Complaint.

13.  The Defendant lacks sufficient knowledge or information to admit or deny the that portion of paragraph 4.3 of the Complaint, wherein it is alleged that the Plaintiff had a family member with a serious health condition and such allegations therefore are denied; and Defendant otherwise denies the allegations set forth therein.

14.  The Defendant admits to the allegations set forth in paragraph 4.4 of the Complaint, only insofar as it is alleged that the FMLA, for an eligible employee, provides for such leave, and otherwise denies the allegations set forth therein.

15.  The Defendant admits to the allegations set forth in paragraph 4.5 of the Complaint, only insofar as it is alleged that the Defendant was aware generally of the obligations imposed by the FMLA, but otherwise denies the allegations set forth therein.

16.  Insofar as a responsive pleading is permitted or required, the Defendant lacks sufficient knowledge or information to admit or deny the Plaintiff's legal arguments as set forth in paragraph 4.6 of the Complaint, and therefore denies same.

17.  The Defendant admits to the allegations set forth in paragraph 4.7 of the Complaint, only insofar as the Plaintiff has accurately quoted from Section 29 U.S.C. Section 2615(a)(1), but denies any violation thereof, and otherwise is without sufficient knowledge or information to admit or deny the allegations, and such allegations therefore are denied.

18.  The Defendant is without sufficient knowledge or information to admit or deny the denies the allegations set forth in paragraph 4.8 of the Complaint, and such allegations are therefore denied.

19.	Insofar as a responsive pleading is permitted or required, the Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 4.9 of the Complaint, and such allegations are therefore denied.

20.	The Defendant denies the allegations set forth in paragraph 4.10 of the Complaint.

21.	Insofar as a responsive pleading is permitted or required, the Defendant denies the allegations set forth in paragraph 5.1 of the Complaint.

22.	The Defendant denies the allegations set forth in paragraph 5.2 of the Complaint and further denies the Plaintiff's eligibility or entitlement to any of the damages sought therein.

23.	The Defendant denies the allegations set forth in paragraph 5.3 of the Complaint.

24.	Insofar as a responsive pleading is permitted or required, the Defendant admits to the allegations set forth in paragraph 5.4 of the Complaint, only insofar as liquidated damages are provided for by 29 U.S.C. §2617(a)(1) (A) (iii), but denies that the Plaintiff is entitled to such liquidated damages, and otherwise denies the allegations set forth therein.

25.	The Defendant denies the allegations set forth in paragraph 6.1 of the Complaint, and further denies the Plaintiff's eligibility or entitlement to any of the damages sought therein.

26.	Insofar as a responsive pleading is permitted or required, the Defendant admits to the allegations set forth in paragraph 7.1 of the Complaint, insofar as, by prevailing court interpretation, a trial by jury is permitted on the claims regarding backpay and liability under the FMLA, and otherwise denies the allegations set forth therein.

27. The Defendant admits to the allegations set forth in paragraph 8.1 of the Complaint, only insofar as attorney fees and costs are recoverable on a claim brought under the FMLA by a prevailing party, but Defendant denies that the Plaintiff is entitled to such recovery, and otherwise denies the allegations set forth therein.

28. The Defendant denies the allegations set forth in the Prayer for Relief, and denies that the Plaintiff is entitled to any of the relief sought in the Prayer for Relief, including any subparts thereof.

29. Any and all allegations set forth in the Complaint which have not heretofore been admitted to or denied are hereby denied.

30. The Plaintiff, with respect to this common law claim, has failed to set forth a claim for which relief may be granted.

31. The Defendant, while denying any and all liability, nonetheless affirmatively pleads that the Defendant at all times acted in good faith and had reasonable grounds to believe that its actions were not in violation of the FMLA.

32. The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Plaintiff failed to mitigate his damages, and the Defendant, in any event, is entitled to an offset for all amounts which the Plaintiff has earned or received, or in the exercise of reasonable diligence should have earned or received, since the date on which his employment with this Defendant terminated.

33. The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Plaintiff's claims are barred by waiver.

34. The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Defendant offered accommodation which would have allowed the Plaintiff to miss work and nonetheless remain employed, and the Plaintiff unreasonably rejected such offer and instead quit his employment.

35.  The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Plaintiff's common law claim of intentional infliction of emotional distress is subsumed by the claim asserted under the FMLA.

36.  The Defendant, continuing to deny and all liability, nonetheless affirmatively pleads that the Defendant at all times acted on the basis of legitimate and non-discriminatory reasons unrelated to conduct, if any, protected by the FMLA.

37.  The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Defendant offered reinstatement to a comparable position and full backpay, and the Plaintiff unreasonably rejected same, and thus his claims are barred by waiver and by estoppel.

38.  The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Plaintiff's harm, if any, was proximately caused and caused in fact by a new and independent cause or causes, for which the Defendant is not liable.

WHEREFORE, PREMISES CONSIDERED, Matt's Cash & Carry Building Materials, Inc., the Defendant, prays that the Plaintiff take nothing on his claims, and that the Defendant be allowed to go hence with its costs, and further be granted general relief.

Respectfully submitted,

*Raymond A. Cowley w/pem rmv*

Raymond A. Cowley
State Bar I.D. No. 04932400
Federal I.D. No. 8642
4900 A-2 N. 10th St.
McAllen, Texas 78504
Telephone: (956) 686-1287
Telefax : (956) 686-6197

OF COUNSEL:

**RODRIGUEZ, COLVIN & CHANEY LLP**

## CERTIFICATE OF SERVICE

I, Raymond A. Cowley, hereby certify that a true and correct copy of the above and foregoing document was forwarded on this the 10th day of December, 2001, upon the following counsel of record and interested parties:

Mr. Carlos Hernandez, Jr.
The Garcia Law Firm, P.C.
201 North First Street
Harlingen, Texas 78550

Raymond A. Cowley w/pern.emv.
Raymond A. Cowley