

United States District Court
Southern District of Texas
FILED

JUL 1 0 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN M. GARCIA, | § | |
|     Plaintiff | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | B-01-070 |
| MATT'S CASH & CARRY BUILDING | § | |
| MATERIALS, INC., and JACK MORAN, | § | |
| individually | § | (JURY REQUESTED) |
|     Defendant | § | |

**PLAINTIFF JUAN M. GARCIA'S MOTION FOR LEAVE TO FILE
SECOND AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW Plaintiff, JUAN M. GARCIA, in the above entitled and numbered cause, and moves this Honorable Court for leave to file his Second Amended Original Complaint against Defendants, MATT'S CASH & CARRY BUILDING MATERIALS, INC., AND JACK MORAN, Individually.

    WHEREFORE, PREMISES CONSIDERED, Plaintiff, JUAN M. GARCIA prays that this Honorable Court grant leave to file said Second Amended Original Complaint attached hereto as Exhibit "A" and for such other and further relief to which this Plaintiff may show himself justly entitled.

Respectfully submitted,

THE GARCIA LAW FIRM, P.C.
201 North First Street
Harlingen, Texas 78550
Telephone (956) 412-7055
Facsimile (956) 412-7105

By: /s/

Carlos E. Hernandez, Jr.
State Bar No. 00787681
Federal Bar No. 17022

Attorney-in-Charge for
Plaintiff Juan M. Garcia

## CERTIFICATE OF SERVICE

I, hereby certify that on this the 8th day of July, 2002, a true and correct copy of the foregoing Second Amended Complaint has been forwarded to all interested counsel by certified mail, return receipt requested, as hereinbelow noted:

### CMRRR 7001 2510 0006 8914 4716

Mr. Raymond A. Cowley
Rodriguez, Colvin & Chaney, L.L.P.
4900 N. 10th St., Bldg. A-2
McAllen, TX 78504

by depositing same in the care and custody of the United States Postal Service, by regular mail, unless otherwise specifically specified herein, on July 8, 2002.

/s/
_____
Carlos E. Hernandez, Jr.

## CERTIFICATE OF CONFERENCE

This is to certify that all attorneys of record have conferred regarding the substance of this Motion. Attorney for Defendant Objects to the entry of this Order.

_____
CARLOS E. HERNANDEZ, JR.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN M. GARCIA,<br>    Plaintiff<br>vs.<br><br>MATT'S CASH & CARRY BUILDING MATERIALS, INC., and JACK MORAN, individually<br>    Defendant | § § § § § § § § § | CIVIL ACTION NO.<br><br>B-01-070<br><br>(JURY REQUESTED) |

### PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JUAN M. GARCIA (hereinafter sometimes referred to as Plaintiff), complaining of MATT'S CASH & CARRY BUILDING MATERIALS, INC. (hereinafter referred to as Matt's Cash & Carry or as Defendant), and Jack Moran, Individually, and for such cause of action, would respectfully show unto the Court and the Jury as follows:

I.

### PARTIES

1.1   Plaintiff, Juan M. Garcia, is an individual residing in Cameron County, Texas.

1.2   Defendant, Matt's Cash & Carry Building Materials, Inc., is a corporation duly licensed to conduct business in the State of Texas. Service may be had by service on its registered agent, Ira Matt, 411 East Polk, P.O. Box 868, Pharr, Texas 78577 or wherever he may be found.

1.3   Defendant, Jack Moran, is an individual who may be served at his place of business located at 5 Expressway 77/83, San Benito, Texas 78586 or wherever he may be found.

EXHIBIT A

II.

## VENUE AND JURISDICTION

2.1   Venue is proper in Cameron County, Texas because the Defendant maintains a place of business where Plaintiff was employed in Cameron County, and the Plaintiff is a resident of Cameron County. This Court has subject matter jurisdiction over Plaintiff's claims, pursuant to 28 U.S.C. §1331 because he has asserted violations of the Family and Medical Leave Act. The Court also has supplemental jurisdiction over his claim under Texas Common Law for intentional infliction of emotional distress.

III.

## FACTUAL BACKGROUND

3.1   Plaintiff Juan M. Garcia accepted employment with Defendant Matts Cash & Carry on or about April 19, 1991. During his almost nine years of employment with Defendant, Plaintiff performed all of the duties assigned to him with loyalty, dedication and hard work.

3.2   Plaintiff Juan M. Garcia served his employer with dedication and hard work throughout his years with Defendant. However, in January of 2000, Plaintiff's infant daughter, Katelyn, was admitted to Santa Rosa Children's Hospital in San Antonio, Texas. On or about January 22, 2000, Plaintiff learned that his daughter was diagnosed with leukemia by Dr. Paul J. Thomas.

3.3   On or about February 12, 2000, Plaintiff informed his employer and his manager Jack Moran that his daughter was suffering from a "serious medical condition" and he invoked the protection of the Family Medical Leave Act.

3.4     Due to the severity of his daughter's illness, Plaintiff needed to go to San Antonio, Texas to attend several chemotherapy sessions with his infant daughter.

3.5     Plaintiff would show unto the Court that Defendant Matt's Cash & Carry and Defendant Jack Moran are employers that have more than fifty employees and that Plaintiff has met all statutory requirements under the Family Medical Leave Act.

3.6     During the month of February of 2000, Plaintiff's infant daughter underwent a bone marrow transplant and continued with her chemotherapy. On February 29, 2000, a spinal tap was performed on Plaintiff's infant daughter.

3.7     On or about March 3, 2000, Defendant Matt's Cash & Carry by and through Jack Moran wrongfully discharged Plaintiff. Plaintiff asserts that the true reason for his termination was because he requested leave guaranteed by the Family Medical Leave Act in order to cope with his daughter's serious illness.

3.8     Plaintiff alleges that there was no legitimate business justification for his termination and that he had always performed a satisfactory job for the Defendant and there was work available that the Plaintiff could perform if given appropriate leave.

IV.

**CAUSES OF ACTION**

A.     **Family and Medical Leave Act**

4.1     The Family and Medical Leave Act states that "it shall be unlawful for any employer to interfere with, restrain or deny the exercise of, or the attempt to exercise, any right provided under the subchapter." 29 U.S.C. §2615(a)(1).

4.2   Defendant Matt's Cash & Carry and Jack Moran committed numerous acts made illegal by this provision, ultimately leading to the termination of Plaintiff's employment with Defendant.

4.3   Defendant Matt's Cash & Carry and Jack Moran violated the Family and Medical Leave Act's prohibition against interference with rights afforded by the statute. At the time of his termination and before, Plaintiff had a family member with a "serious health condition" as that term is defined under the FMLA. After his termination, Plaintiff was told by his supervisor, Jack Moran, of Defendant Matt's Cash & Carry that there was not a position available for Plaintiff if he was going to be taking his daughter to chemotherapy.

4.4   Plaintiff, under the statute, had twelve weeks of protected FMLA leave that he was entitled to have taken during this time of crisis in his life.

4.5   The violation of the FMLA by Defendant Matt's Cash & Carry and Jack Moran was done with malice or with reckless disregard for the statutorily protected rights of Plaintiff. Defendant Matt's Cash & Carry and Jack Moran was aware of its statutory obligations and Plaintiff's rights under the statute.

4.6   In any event, the FMLA provides strict liability for violations of 29 U.S.C. §2615(a)(1). *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 927 (5th Cir. 1999). Section 2615(a)(1) of the FMLA is a strict liability provision, as to which employer's intent simply does not matter. *Nero*, 167 F.3d at 927.

4.7   The FMLA makes it unlawful "for any employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under [the FMLA]. 29 U.S.C. §2615(a)(1). The Department of Labor's regulations established that there is a particularly low threshold for determining what employer conduct might constitute

interference. Interfering with the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA, but discouraging an employee from using such leave. 29 C.F.R. §825.220(b).

4.8   Plaintiff's infant daughter, Katelyn Garcia, sustained a "serious health condition," under the FMLA, 29 U.S.C. §2611(11), which includes "illness, injury, impairment, or physical or mental condition that involves . . . continuing treatment by a healthcare provider."

4.9   The FMLA statutory benefit is a mandatory benefit. 29 U.S.C. §2612(a)(1). The leave itself is an entitlement. There is no statutory requirement that the employee request it, unless it is for a plan treatment for a serious health condition and the leave is foreseeable. 29 U.S.C. §2612(e)(2); 29 C.F.R. §825.303.

**B.   42 USC §1981– Racial Discrimination**

4.10   Section 1981 reads in pertinent part as follows: [a]ll persons... shall have the same right in every State and Territory to make and enforce contracts ... as is enjoyed by white citizens ... [f]or purposes of this section, the 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

4.11   Plaintiff Juan M. Garcia is a Hispanic male who had requested a medical accommodation and it was denied by Jack Moran, an Anglo member of management of the Defendant corporation. Jack Moran subsequently requested a medical accommodation and his request was granted by the Defendant corporation. Plaintiff would show that he and others similarly situated were discriminated against on the basis of race.

An "at will" employee stands in a contractual relationship with his employer and may maintain a cause of action under Section 1981.

## C. Intentional Infliction of Emotional Distress

4.12 Plaintiff further asserts that the Defendants' actions in the nature of extreme and outrageous conduct were intentional and were made recklessly with a purpose to cause infliction of severe emotional distress to the Plaintiff. These actions and statements were extreme and outrageous and shock the conscience of reasonable and prudent persons. The actions of Defendant Matt's Cash & Carry and Jack Moran caused Plaintiff severe mental anguish as well as physical pain. As a result of Defendants' actions, Plaintiff has suffered damages in an amount which exceeds the minimum jurisdictional requirements of the Court.

V.

## ACTUAL DAMAGES

5.1 As a result of the incidents made the basis of this lawsuit, Plaintiff has incurred damages in the following respects.

## D. Lost Earnings and Special Damages

5.2 At the time of the incident complained of, Plaintiff was gainfully employed. As a proximate result of the wrongful acts of Defendant Matt's Cash & Carry and Jack Moran, Plaintiff was unable to attend to his occupation and thereby suffered a loss of income for which he hereby sues. As a result of the wrongful acts of the Defendants, Plaintiff's earnings, retirement and capacity to earn a livelihood were severely impaired. In all reasonable probability, Plaintiff's loss of earnings and loss of earning capacity will continue long into the future, if not for the balance of Plaintiff's natural life. Plaintiff

therefore sues for any lost earnings, in the form of back pay, lost wages, front pay, retirement benefits, health coverage, fringe benefits, lost future earnings and/or diminished earning capacity, to the extent permitted by law, due to the acts complained of above.

**B.     Past and Future Mental Anguish**

5.3     As a result of the incidents described above, that is made the basis of this suit, Plaintiff has suffered physical as well as severe mental pain and anguish. Plaintiff has suffered feelings of anxiety, worthlessness, embarrassment, humiliation, helplessness and inferiority. Plaintiff has further suffered ill effects, including, but not limited to depression, sleeplessness and loss of self esteem due to his termination. In all reasonable probability, Plaintiff will continue to suffer such severe mental and physical pain and anguish for a long time into the future, if not for the balance of his natural life.

**C.     FMLA Damages**

5.4     In an interference with FMLA rights and cases arising under 29 U.S.C. §2615, the statutory authority for actual and liquidated damages is established by 29 U.S.C. §2617(a)(1).

VI.

**EXEMPLARY DAMAGES**

6.1     The conduct of Defendant Matt's Cash & Carry and Jack Moran, as set out above, was carried out with and constituted such an entire want of care as to be regarded as conscious indifference to the rights or welfare of the Plaintiff. Because of spite, ill-will and malicious and fraudulent intent held by Defendant's management towards the Plaintiff and his infant daughter, such management, acting in a willful and intentional manner, committed certain acts calculated to cause injury and/or damage to Plaintiff. Accordingly,

Defendants acted with malice, actual malice and/or a specific intent to injure the Plaintiff. Plaintiff is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by the Defendants and its management in the future. Accordingly, Plaintiff requests that punitive damages be awarded against Defendants as a result of its egregious violations of the law.

VII.

**DEMAND FOR JURY TRIAL**

7.1    Plaintiff, by and through his attorney of record, and pursuant to the Federal Rules of Civil Procedure, makes and submits this Demand for Trial by Jury in the above styled and numbered cause. Plaintiff requests that this case be set on the jury docket of the Court for disposition in due order and as soon as practicable.

VIII.

**ATTORNEYS' FEES, EXPERT FEES AND
LITIGATION EXPENSES**

8.1    By reason of the allegations in this petition, Plaintiff is entitled to recover reasonable attorney's fees and expert fees in a sum that is reasonable and necessary. In this connection, Plaintiff will show that the attorney whose name is subscribed to this pleading has been employed to assist Plaintiff in the prosecution of this action. A reasonable attorney's fee is requested for the work expended in preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. Should experts be retained in the prosecution of this lawsuit, Plaintiff further seeks compensation for the work expended by said experts. Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of paralegals, legal assistants and/or law clerks who assist

in the prosecution of this case. As permitted by law, Plaintiff also seeks to recoup all litigation expenses expended by him and his legal team in the prosecution of this lawsuit as well as all costs of Court.

WHEREFORE, Plaintiff, JUAN M. GARCIA, prays that this Honorable Court grant the following:

a. Judgment against Defendant Matt's Cash & Carry Building Materials, Inc. and Jack Moran, for Plaintiff's actual damages;

b. Liquidated damages;

c. Punitive damages;

d. Attorney and litigation fees;

e. Prejudgment interest as allowed by law;

f. Interest on said judgment at the legal rate from the date of judgment;

g. For costs of suit herein; and

h. For such other and further relief at law or in equity to which Plaintiff may show himself justly entitled to receive.

Signed July 8, 2002.

Respectfully submitted,

THE GARCIA LAW FIRM, P.C.
201 North First Street
Harlingen, Texas 78550
Telephone (956) 412-7055
Facsimile (956) 412-7105

By: _____
Carlos E. Hernandez, Jr.
State Bar No. 00787681
Federal Bar No. 17022

Attorney-in-Charge for
Plaintiff Juan M. Garcia

-9-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing, Plaintiff's Second Amended Complaint, has been served on all counsel of record, to wit:

### CMRRR 7001 2510 0006 8914 4716

Mr. Raymond A. Cowley
Rodriguez, Colvin & Chaney, L.L.P.
4900 N. 10th St., Bldg. A-2
McAllen, TX 78504

by depositing same in the care and custody of the United States Postal Service, by regular mail, unless otherwise specifically specified herein, on July 8, 2002.

_____
Carlos E. Hernandez, Jr.