IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 3 1 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUAN M. GARCIA, <br> Plaintiff, | § <br> § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. B-01-070 |
| MATT'S CASH & CARRY BUILDING MATERIALS, INC. <br> Defendant | § <br> § <br> § | JURY TRIAL DEMANDED |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

MATT'S CASH & CARRY, INC., Defendant, responds to Plaintiff's Motion for Leave to File Second Amended Original Complaint, as follows:

1.  The Plaintiff on or about July 8, 2002 filed his motion seeking leave of this Court to add a claim brought under 42 U.S.C. §1981.

2.  The Defendant is opposed to the motion and proposed amended pleading, as the same are merely dilatory and, in any event, the newly-added claim is sustainable, even on the basis of the facts alleged.

3.  The Plaintiff did not, either in his complaint as initially filed, or in his first amended complaint, allege in any fashion that he was treated adversely on account of his race or national origin. By his motion and proposed second amended complaint, he alleges that he was treated less favorably than was a store manager who allegedly was given "accommodation" due to illness. Even if such an allegation could be regarded as true, the Plaintiff, as part of his burden of proof, would have to show that he was treated less favorably than a non-Hispanic who was *similarly situated*, such that the Plaintiff's national origin could be isolated as the factor causing the disparity in treatment.[1]

---

[1] See e.g., Wallace v. Methodist Hosp. System, 271 F.3d 212, 221 (5th Cir. 2001); Barnes v. Yellow Freight Systems, Inc., 778 F.2d 1096, 1101 (5th Cir. 1985).

4.     In the present matter, the Plaintiff, who was hourly paid and who earned a nominal commission as a counter salesperson, was not similarly situated to the salaried individual who was responsible for the entire store and who is alleged to have been treated more favorably. Moreover, the Plaintiff sought time off pursuant to the FMLA to attend to the illness of his daughter. Even by the Plaintiff's own pleadings, the salaried location manager allegedly was given some undefined "accommodation" for his own [alleged] illness. Accordingly, the Plaintiff and the non-Hispanic manager referred to were not at all similarly situated. Thus, the Plaintiff's allegations, even if taken as true, fail to state a cognizable claim.

5.     In addition, the limitations period for claims brought under §1981 is two years.[2] The Plaintiff's employment terminated, in turn, according to the Plaintiff's own pleadings, on March 3, 2000, which was more than two years prior to the motion seeking leave to amend and the §1981 claim. Inasmuch, moreover, as the Plaintiff's earlier pleadings did not in any fashion refer to a disparity in treatment on the basis of race or national origin, or on the basis of any other unlawful factor, his proposed amended claim does not relate back to the initial filing of his complaint, and thus is barred by limitations.

6.     Accordingly, the amendment proposed by the Plaintiff in his motion is both unsustainable and untimely filed, and thus would unnecessarily delay the resolution of this matter.

WHEREFORE, the Defendant prays that the motion for leave to amend be in all respects denied. Defendant further prays for its costs, and for general relief.

---

[2] Helton v. Clements, 832 F.2d. 332, 334 (5th Cir. 1987); Mosley v. Houston Community College System, 951 F.Supp. 1279, 1288 (S.D. Tex. 1996).

Respectfully submitted,

*[signature]*

Raymond A. Cowley
State Bar I.D. No. 04932400

4900 A-2 N. 10th St.
McAllen, Texas 78504
Telephone: (956) 686-1287
Telefacs : (956) 686-6197

ATTORNEY FOR DEFENDANT

OF COUNSEL:

**RODRIGUEZ, COLVIN & CHANEY LLP**

## CERTIFICATE OF SERVICE

I, Raymond A. Cowley, hereby certify that a true and correct copy of the foregoing document has been forwarded by certified mail, return receipt requested, to the following counsel of record, on the __31__ day of __July__, 2002.

Mr. Carlos Hernandez, Jr.
The Garcia Law Firm, P.C.
201 North First Street
Harlingen, Texas 78550

*[signature]*

Raymond A. Cowley